UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILTON AL STEWART, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> TSTAR SERVICES, INC., <br> TSTAR SAWING & DRILLING, LLC., <br> BENJAMIN MENDOZA, and JOSE ALEJANDRO MENDOZA, Individually and Jointly, <br> Defendants. | CIVIL ACTION NO. 4:21-cv-293 |

## COMPLAINT

Plaintiff, Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor (hereinafter "the Secretary"), brings this action to enjoin Defendants TSTAR Services, Inc., TSTAR Sawing & Drilling, LLC, Benjamin Mendoza, and Jose Alejandro Mendoza from violating the provisions of Sections 7 and 11(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "Act"), and to restrain Defendants from withholding payment of overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees, including but not limited to employees who are named in the attached Exhibit A.

I.

This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1.      Defendant TSTAR Services, Inc. is a Texas corporation that does or did business at 12416 Miller Drive, Houston, Texas, within the jurisdiction of this Court.

1

2. Defendant TSTAR Sawing & Drilling, LLC is a Texas corporation that does or did business at 12416 Miller Drive, Houston, Texas, within the jurisdiction of this Court.

3. Defendant, Benjamin Mendoza, had a place of business and was doing business at TSTAR Sawing & Drilling, LLC and TSTAR Services, Inc. in Houston, Texas, within the jurisdiction of this Court.  Defendant Benjamin Mendoza owned and managed the Corporate Defendants. He supervised and directed business operations.  Defendant Benjamin Mendoza acts and/or acted, directly and indirectly, in the interest of the Corporate Defendants in relation to employees. He oversaw day-to-day operations, hired employees, and fired employees.  He also set the employees' pay rates and work schedules.  He is an employer within the meaning of the Act.

4. Defendant, Jose Alejandro Mendoza, had a place of business and was doing business at TSTAR Sawing & Drilling, LLC and TSTAR Services, Inc. in Houston, Texas, within the jurisdiction of this Court. Defendant Jose Alejandro Mendoza owned and managed the Corporate Defendants. He supervised and directed business operations.  Defendant Jose Alejandro Mendoza acts and/or acted, directly and indirectly, in the interest of the Corporate Defendants in relation to employees. He oversaw day-to-day operations, hired employees, and fired employees.  He also set the employees' pay rates and work schedules.  He is an employer within the meaning of the Act.

III.

At all times hereinafter mentioned, Defendants TSTAR Services, Inc. and TSTAR Sawing & Drilling, LLC have been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Defendants TSTAR Services, Inc. and TSTAR Sawing & Drilling, LLC have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that their employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

During the period since January 29, 2019, Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

VI.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by the Defendants from their employees.  Defendants violated Section 7 of the Act by misclassifying employees as independent contractors, paying employees a salary for all hours worked, and not paying employees correctly for overtime hours worked.

VII.

During the period since January 29, 2019, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C.  §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and

other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by many of their employees.

### VIII

A judgment enjoining the alleged overtime and recordkeeping violations and restraining the withholding of overtime compensation found to be due the employees is authorized by Section 17 of the Act, 29 U.S.C. § 217.

### IX.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against all Defendants as follows:

1.  For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Sections 7 and 11(c) of the Act;

2.  For an Order pursuant to 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3.  For an Order pursuant to Section 17 enjoining and restraining Defendant from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of

Treasury pursuant to 26 U.S.C. § 6621;

    4.    For an Order awarding Plaintiff the costs of this action; and

    5.    For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | STANLEY E. KEEN<br>Deputy Solicitor for National Operations |
|  | JOHN RAINWATER<br>Regional Solicitor |
| U.S. Department of Labor<br>Office of the Solicitor<br>525 Griffin Street, Suite 501<br>Dallas, Texas 75202<br>Telephone: (972) 850-3125<br>Facsimile:  (972) 850-3101 | MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour<br><br>By:<br><br>*Karla Jackson Edwards*<br>KARLA JACKSON EDWARDS<br>Senior Trial Attorney<br>edwards.karla.j@dol.gov |
|  | LACEE C. EAKINS<br>Trial Attorney<br>eakins.lacee.c@dol.gov |
| RSOL Case No. 0640-21-00035 | Attorneys for Plaintiff |