United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTIN J. WALSH,[1] Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 4:21-cv-00293 ) |
| TSTAR SERVICES, INC., TSTAR SAWING & DRILLING, LLC., BENJAMIN MENDOZA, and JOSE ALEJANDRO MENDOZA, Individually and Jointly, | ) ) ) ) ) |
| Defendants. | ) |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Martin J. Walsh, Secretary of Labor, U.S. Department of Labor (the "Secretary") has filed his complaint against Defendants TSTAR Services, Inc., TSTAR Sawing & Drilling, LLC, Benjamin Mendoza, and Jose Alejandro Mendoza to secure an injunction for future compliance and payment of back wages for overtime violations and record keeping violations of Section 7 and 11(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA" or "the Act"), and liquidated damages. Defendants owned and operated TSTAR Services, Inc. and TSTAR Sawing & Drilling, LLC, which from April 29, 2018 to April 25, 2020 (the "investigation period") engaged in the cement cutting business. The Secretary and Defendants have agreed that Defendants will pay back wages and liquidated damages for the investigation period to the employees listed on the Amended Exhibit "A."

Defendants, without admitting any allegations set forth in the Secretary's Complaint or

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. Walsh, Secretary of Labor, is automatically substituted as a party for the former Acting Secretary of Labor, Milton Al Stewart.

admitting that they have violated any provision of the Act, have agreed to the entry of judgment without contest. It is, therefore, upon motion of the Secretary and for cause shown,

ORDERED, ADJUDGED and DECREED that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be permanently enjoined from violating the provisions of Sections 7, 15(a)(2), and 15(a)(5) of the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they are employed.

2. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by them, and the wages paid, hours worked and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

3. Defendants are enjoined from withholding overtime compensation in the amount of $69,534.91 less income tax and social security deductions that is due to Defendants' employees named in Amended Exhibit "A" for the investigation period. Additionally, Defendants are enjoined from withholding interest in the amount of $173.89. Defendants are further enjoined from withholding liquidated damages in the amount of $69,534.91 which are due to the Defendant's employees named in the Amended Exhibit "A."

To comply with this provision, Defendants shall pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77705201.

4. Defendants agree to make the payments in the amounts and the times set forth below:

    a. An initial payment of $34,767.46 shall be made on or before August 13, 2021.

    b. Defendants will pay three (3) consecutive monthly installments in accordance with the following schedule:

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 09/01/2021 | $34,767.50 | $86.92 | $34,825.42 |
| 2 | 10/01/2021 | $34,767.45 | $57.97 | $34,825.42 |
| 3 | 11/01/2021 | $34,767.41 | $29.00 | $34,825.41 |
| | Totals: | $104,302.36 | $173.89 | $104,476.25 |

    c. The Secretary shall make the appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions. The Secretary shall provide proof of the employee's portion of income tax and social security deductions to Defendants.

5. In the event that any of the money cannot be distributed and paid by the Secretary within three (3) years because of inability to locate the proper persons or because of their refusal to accept, the money shall be deposited with the Treasurer of the United States.

6. In the event of default by Defendants on any of the installment payments described in paragraph 4 above, the total balance shall then become due and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until

3

the total amount is paid in full.

7. The right of Defendants' employees not specifically named in the attached Amended Exhibit "A" to bring an action under Section 16(b) of the Act, 29 U.S.C. § 216(b), shall be restored and neither the filing of this action nor the entry of this judgment shall bar such action. The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of any of Defendants' employees to seek redress for violations of the Act alleged to have occurred after April 28, 2020.

8. Defendants represent that as of the entry of this Consent Judgment, the Defendants are now in compliance with all aspects of the Fair Labor Standards Act.

9. Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 27th day of September, 2021.

*George C. Hanks Jr*
UNITED STATES DISTRICT JUDGE

Respectfully Submitted,
TStar Services, Inc. and Tstar Sawing & Drilling, LLC

By: _____
G. CRIST BURGER
Attorney
Texas State Bar No. 03378625

Houston, Texas 77057
Telephone: (713) 400-6182
Facsimile: (713) 481-0289
E-mail: gcristburger@gmail.com

Attorney TStar Services, Inc., TStar Sawing & Drilling, LLC, Benjamin Mendoza, and Jose Alejandro Mendoza

_____
BENJAMIN MENDOZA

_____
JOSE ALEJANDRO MENDOZA

Individual Defendants

Dated August 18, 2021

Respectfully Submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:
 *Mia F. Terrell*
_____
MIA F. TERRELL
Senior Trial Attorney
Texas State Bar No. 24010035

KARLA JACKSON EDWARDS
Senior Trial Attorney

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3100
Facsimile: (972) 850-3101
E-mail: terrell.mia.@dol.gov
edwards.karla.j@dol.gov
docket.dallas@dol.gov

Attorneys for Plaintiff

Dated August 18, 2021

# AMENDED EXHIBIT A

1. Alvarado, Carlos
2. Galvan, Jose Luis
3. Galvan Rodriguez, Noe
4. Gonzalez, Alex
5. Guerrero, Javier
6. Juarez, Cesar
7. Juarez, Salvador
8. Loredo, Antonio
9. Loredo, Hector
10. Loredo, Jesus
11. Loredo, Jose Alberto
12. Loredo, Bizarraga Juan
13. Martinez, Juan Manuel
14. Martinez, Ramon
15. Martinez, Roberto
16. Mendoza, Braulio
17. Mendoza Fuentes, Jose Osvaldo
18. Mendoza, Jr., Benjamin
19. Ramirez, Santiago
20. Rodriguez, Victor Hugo
21. Vidal, Enrique